BRIDGES et al. v. HOWELL et al.—155 S. W. (2d), 879

Middle Section. October 11, 1941.

Petition for Certiorari denied by Supreme Court, December 6, 1941.

A. L. Dorsey, of Springfield, for appellant.

N. A. Link, of Dover, and Stout & Porter, of Clarksville, for appellee.

HOWELL, J. The original bill in this cause was filed in the Chancery Court of Stewart County, Tennessee, by the complainants as legatees and devisees under the will of Mrs. Martha V. Thomas who died in December, 1934, seeking a construction of the will of Mrs. Thomas and a declaration of the rights of the parties and especially a construction of that clause of the will which disposed of a deposit in the Cumberland City Bank of Cumberland City, Stewart County, Tennessee. This bank along with the executor and others are parties defendant to the bill.

Many questions in the case were disposed of by the decree of the Chancellor of February 8, 1940, and the question of interest on the deposit in the defendant Bank was reserved. No appeal was perfected from that decree.

The cause was before the Court upon the question of the liability of the Bank for interest on April 19, 1941, and the Chancellor filed a written opinion in which it was held that the bank was not liable for interest from March 8, 1935, to February 8, 1940. It is from this holding of the Chancellor that an appeal was granted and perfected and this is the only matter before this Court at this time.

The appellants have assigned four errors all of which are directed at the action of the Court in not allowing interest against the Bank from March 8, 1935, to February 8, 1940. All assignments will therefore be considered together.

The material facts are that Mrs. Martha V. Thomas deposited $10,000 with the defendant Cumberland City Bank of Cumberland City, Tennessee, on March 9, 1925, and a time certificate of deposit was issued to her to bear interest at the rate of 4% per annum, payable semi-annually. Interest was paid as agreed and the time of payment of the principal was extended from time to time. The certificate remained in the possession of Mrs. Thomas until her death in December, 1934, and then it passed into the hands of her executor.

In 1933 the defendant Bank qualified for insurance of its deposits with the Federal Deposit Insurance Corporation and a Regulation issued by that corporation effective January 2, 1934, provided that interest should not be paid upon deposits in Banks insured under the act creating the corporation at a rate in excess of 3%. Mrs.

Thomas signed a paper agreeing to accept 3% interest on her money and to extend the due date of the principal twelve months from March 8, 1934. Before the expiration of this extension agreement Mrs. Thomas died in December, 1934.

In the decree of February 8, 1940, the Chancellor held that complainants were entitled to one-half of this deposit or $5,000, and he has allowed interest upon this amount at 6% per annum from that date. The controversy here is about the interest from March 8, 1935 to February 8, 1940.

In this connection the Chancellor held as follows:

"The defendant bank had qualified under the Federal Deposit Insurance Corporation Act [12 U. S. C. A., sec. 264] and its deposits were insured in accordance with that law, and Mrs. Thomas had notice of this fact.

"Section 3 of Regulation B Series 1934, issued by the Federal Deposit Insurance Corporation, pursuant to the Act above mentioned, and which regulation became effective January 2, 1934, provided that no banking institution, whose deposit liabilities are in any manner or to any extent insured by the Federal Deposit Insurance Corporation, shall pay or contract to pay interest accruing after January 2, 1934, on any deposit whether insured or not insured at a rate in excess of 3% per annum compounded semi-annually, except under a contract that had been lawfully entered into prior to January 3, 1934, etc. Following receipt of notice of this regulation by the bank, the agreement hereinabove mentioned was executed by the bank and Mrs. Thomas on March 8, 1934, providing that the amount of money then had on deposit in said bank by Mrs. Thomas, (and being said amount of $10,000.00 represented by said time certificate of deposit above referred to), would be left in said bank for a period of twelve months from March 8, 1934, and that interest thereon would be payable semiannually at the rate of three per centum per annum.

"Regulation B of the Federal Deposit Insurance Corporation, as amended January 17, 1934, and December 15, 1934, provided that no banking institution, whose liabilities are in any manner or to any extent insured by the Federal Deposit Insurance Corporation, shall pay or contract to pay interest accruing after January 31, 1935, on any deposit whether insured or not insured at a rate in excess of 2½% per annum, compounded semi-annually or quarterly, except that interest may be paid on any deposit in accordance with the terms of any contract which was lawfully entered into prior to December 31, 1934, etc.

"Regulation C of the Federal Deposit Insurance Corporation, approved January 17, 1934, effective January 25, 1934, and amended December 18, 1934, which supplements and does not supersede Regulation B, above mentioned, provides, among other things, that

no banking institution whose deposit liabilities are in any manner or to any extent insured by the Federal Deposit Insurance Corporation, shall pay or contract to pay interest accruing after March 1, 1934, on (1) any deposit which by agreement is payable on demand, or (2) any deposit after it becomes payable on demand, with certain exceptions which are not applicable in the case at bar.

"Regulation IV of the Federal Deposit Insurance Corporation, effective February 1, 1936, which supersedes Regulations B and C Series of 1934, provides, among other things, (1) that no certificate of deposit or other contract shall be renewed or extended unless it be modified to conform to the provisions of this regulation; (2) that, except in accordance with the provisions of this regulation, no insured non member bank shall pay interest on any time deposit or savings deposit in any manner, directly or indirectly, or by any method, practice or device whatsoever; (3) that a deposit which was a time deposit at the date of deposit continues to be such until maturity . . . and interest at a rate not exceeding that prescribed pursuant to subsection (a) of this section may be paid until maturity upon such deposit; (4) that no interest shall be paid on any time or savings deposit for any period subsequent to maturity, whether such deposit matures by its terms on a specific date or at expiration of notice period pursuant to written notice actually given, with certain exception not applicable to this case.

"Supplement to Regulation IV, of the Federal Deposit Insurance Corporation, effective February 1, 1936, provides, that no insured non member bank shall pay interest accruing after February 1, 1936, at a rate in excess of 2 per cent per annum, compounded quarterly, regardless of the basis upon which such interest may be computed, on any time deposit, except Postal Savings deposits, having maturity date less than six months and not less than ninety days after date of deposit, except in accordance with the terms of any certificate of deposit or other contract entered into before February 1, 1936, etc.

"As stated hereinabove, the last contract entered into between Mrs. Martha V. Thomas and the defendant Bank, with reference to said deposit of $10,000.00, was under date of March 8, 1934, and provided that said fund should remain in said bank for a period of twelve months and that the interest rate would be three per cent per annum payable semiannually. Under this agreement said time deposit matured and became payable on demand on March 8, 1935, and said amount has remained on deposit in said bank since said date subject to payment on demand, and without any further contractual obligations between the parties. There was no contract between said parties for the payment of any interest on said fund after March 8, 1935."

The Court then decreed the liability of the bank according to the interest rates set forth in these regulations for the period from March 8, 1934, to March 8, 1935.

From March 8, 1935, to February 8, 1940, the money represented by the certificate of deposit "remained on deposit in the defendant bank as a demand deposit. At any time during said period the executor of the will of Mrs. Thomas could have demanded and received payment of said sum of money. The certificate of deposit originally issued, together with all subsequent agreements, relative to same, had matured. There was no contract with said bank, during said period, for the payment of interest on said deposit, and no interest could be paid on said deposit under the regulations promulgated by the Federal Deposit Insurance Corporation in accordance with the Act of Congress hereinabove referred to. The executor of the will of Mrs. Thomas having made no demand on the bank during said period for the payment of the amount of said deposit over to him as the lawful holder of said certificate of deposit, the bank was under no legal obligation to pay out said money during said period. However, the status of matters relative to said fund was changed on February 8, 1940, when the Court by decree adjudicated the rights of all parties interested therein and ordered payment of $5,000.00 of said amount over to said executor. Thereupon the bank became legally obligated to pay over said amount in compliance with said decree, and having failed to do so must account for interest thereon as heretofore adjudged."

"The defendant bank is not liable for interest on the amount of said deposit belonging to the estate of Mrs. Martha V. Thomas during said period from March 8, 1935, to February 8, 1940."

There is no material controversy about the facts, the question only being whether or not the Court erred in the allowance or failure to allow interest.

The record does not indicate that the defendant Bank at any time refused to pay or was asked to pay the principal of this deposit until the decree of February 8, 1940, or that it had diverted the fund or appropriated it to its own use, as appears in the case of Lowden v. Northwestern National Bank & Trust Co., 8 Cir., 86 F. (2d), 376. In that case the bank had diverted the deposit to the payment of certain of the railroad's bonds which the Court held they had no right to do, and allowed interest against the bank at the legal rate.

The defendant Bank was subject to the Rules and Regulations of the Federal Deposit Insurance Corporation and therefore bound by them, and the interest allowed by the Chancellor was according to these regulations.

We find no error in the decree of the Chancellor and the assignments of error are therefore overruled, the decree of the Chancellor

affirmed and the cause remanded to the Chancery Court of Stewart County for further proceedings. The costs of the appeal will be paid by the appellants and their sureties on the appeal bond.

Affirmed and remanded.

Crownover, P. J., and Felts, J., concur.